

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# USA v. Reid

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Reid" (2008). *2008 Decisions.* Paper 296.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/296

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 07-3717

————

UNITED STATES OF AMERICA

v.

RICHARD D. REID
a/k/a Abdul H. Shabazz
a/k/a Hakeem A. Shabazz

Richard D. Reid,

                         Appellant.

—————————

On Appeal from the United States District Court
for the District of Delaware
(D.Del. No. 06-cr-00008-1)
District Judge: The Honorable Sue L. Robinson

—————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2008

Before: SMITH, COWEN, *Circuit Judges* and THOMPSON, *District Judge*[*]

(Filed: October 30, 2008)

————

—————————

_____

[*] The Honorable Anne E. Thompson, Senior United States District Judge for the
District Court of New Jersey, sitting by designation.

OPINION

THOMPSON, *District Judge*.

Petitioner Richard Reid appeals his conviction on an eleven-count federal indictment. Specifically, he contends the evidence adduced at trial was insufficient to prove constructive possession of a variety of firearms, drugs and drug paraphernalia found in a nearby apartment. We have jurisdiction to review the judgment of the District Court pursuant to 28 U.S.C. § 1291 and, for the reasons stated below, we affirm.

Reid's conviction arises primarily out of the events of October 5, 2005. On that day, police officers were conducting surveillance of an apartment building in Claymont, Delaware. The officers observed Reid exit the building and approach his vehicle. However, before he could enter his vehicle, he was detained. He indicated to the officers he was emerging from Apartment 3-E. A search of his person recovered pink and orange glassine baggies containing what was later determined to be crack cocaine, and a set of keys that were later determined to belong to Apartment 3-D in the building from which he exited.

After obtaining a warrant, a search of Apartment 3-D yielded three bundles of glassine baggies, matching the type found on his person; a .45 caliber cartridge; remnants of marijuana cigarettes; a dinner plate containing 94.27 grams of crack cocaine. The dinner plate containing the crack cocaine had partial prints which matched Reid. The search recovered men's clothing; mail from the school Reid's son attended, sent to

"Hakeem Shabazz," at the address in question; a checkbook with the name "Hakeem Shabazz," a loaded black revolver; glassine baggies; glassine baggies containing marijuana; two boxes of Smith & Wesson Winchester cartridges, and a box of fifty nine-millimeter cartridges. Also found were framed photographs of Reid and a female as well as a black plastic bag containing powder cocaine and a scale. One bedroom appeared to belong to a teenage male. Trial testimony revealed Reid used the name "Hakeem Shabazz" at an earlier point in his life after his mother had remarried. Testimony also revealed the apartment was leased to a Lawrence Jones who testified he knew the defendant as "Hakeem Shabazz."

After a two day bench trial, Reid was convicted of all counts of the following eleven-count indictment ("the indictment"): Count I, being a felon in possession of a firearm, a Colt .25 caliber handgun, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); Count II, being a felon in possession of a firearm, a Rossi .32 caliber handgun, in violation of 18 U.S.C. §§ 922 (g)(1) & 924 (a)(2); Count III, being a felon in possession of ammunition, specifically 40 Winchester SXT .40 Caliber rounds, in violation of 18 U.S.C. §§ 922 (g)(1) & 924 (a)(2); Count IV, being a felon in possession of ammunition, specifically 40 Winchester 9 millimeter rounds, in violation of 18 U.S.C. §§ 922 (g)(1) & 924 (a)(2); Count V, being a felon in possession of ammunition, specifically 20 Remington .40 caliber rounds, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); Count VI, possession of a firearm–as outlined in Count I–in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); Count VII, possession of a firearm–as

3

outlined in Count II–also in violation of 18 U.S.C. § 924 (c)(1); Count VIII, possession with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841 (b)(1)(A); Count IX possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) & 841 (b)(1)(A); Count X, possession of crack cocaine, in violation of 21 U.S.C. § 844; and, Count XI, possession of marijuana, also in violation of 21 U.S.C. § 844.

The Government moved for, and the District Court granted, dismissal of Count VI of the indictment. But for Count VI, and Count X, Reid appeals the remaining convictions under the indictment contending the evidence adduced at trial was insufficient to support the findings of guilt.

When evaluating the sufficiency of the evidence, this Court must affirm the decision of the District Court if we conclude that "a rational trier of fact could have found the defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir 2005). We must view the facts in the light most favorable to the Government. *United States v. Hoffecker*, 530 F.3d 137, 146 (3d Cir. 2008).

Here, a rational trier of fact could have concluded that Reid did, in fact, live in Apartment 3-D. Testimony from the lessee indicated he arranged housing for a person named Hakeem Shabazz–an alias once used by Reid. Secondly, keys to Apartment 3-D

4

were found on Reid's person on the day of his arrest. Thirdly, inside Apartment 3-D, authorities found a checkbook belonging to Hakeem Shabazz as well as correspondence to Hakeem Shabazz from the school of Reid's son. Also found were framed pictures of Defendant in plain view. All of this leads very heavily to the conclusion that Reid did in fact live in Apartment 3-D.

Pursuant to this Court's decision in *United States v. Introcaso*, 506 F.3d 260, 271 (3d. Cir 2007), it is permissible for a trier of fact to "infer that a person exercises constructive possession inside his...home." *Id.*

Reid has not pointed to any evidence in the record that would compel this Court to disturb the decision of the District Court. The record reveals that the District Court conducted a fair proceeding and made permissible inferences as to the likelihood that Reid had constructive possession of the firearms found in the apartment, as well as the similarity of the drugs and drug paraphernalia. At the conclusion of the Government's case in chief, the District Court denied Reid's Rule 29 Motion. Thereafter, Reid chose not to present any evidence. The District Court's ultimate findings of guilt are supported by substantial evidence.

Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.